OPINION
{¶ 1} On June 13, 2005, a complaint was filed charging appellant, Timothy Ehlermann, with assault in violation of R.C.2903.13. Said charge arose from an incident wherein appellant struck Michelle Baker during an altercation in appellant's home.
 {¶ 2} A bench trial commenced on September 21, 2005. The trial court found appellant guilty and sentenced him to one hundred eighty days in jail. By judgment entry filed October 11, 2005, the trial court released appellant from jail on December 20, 2005 and suspended the remainder of his sentence in lieu of probation.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE CONVICTION OF THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED BELOW."
 I {¶ 5} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 6} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 7} Appellant was convicted of assault in violation of R.C.2903.13 which states, "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."
 {¶ 8} Appellant argues any action on his part was not done "knowingly" and in order to sustain the conviction, the testimony of one state witness as opposed to two defense witnesses must be accepted as true.
 {¶ 9} It is axiomatic that the testimony of one witness is sufficient to sustain a conviction. It lies within the province of the trier of fact, the trial court sub judice, to determine the credibility of all the witnesses. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 10} Aside from the police officers, three witnesses testified, the victim, Michelle Baker, appellant, Timothy Ehlermann, and appellant's girlfriend, Brook Bussey. Ms. Baker testified all three were together at appellant's house when she heard an altercation between appellant and Ms. Bussey. T. at 5. Ms. Baker then testified to the following:
 {¶ 11} "I went up to see what was going on and they were fist fighting. He had a hold of her and she had a hold of him. She was on the ground at one point in time. When I stepped in between them during the fight, I stepped in between Tim and Brooke and I had my back towards Brook and I was telling Tim just to stop or I was going to call the police or whatever. He went to strike her and in that process I was hit in the right cheekbone and then I fell on top of Brook because she was standing right behind me and I hit my left arm on, I don't know, buckets of clothes or something whatever was in the living room or kitchen at the time." Id.
 {¶ 12} Ms. Baker testified she was punched in the right side of her face, her cheekbone and her right eye, and there was considerable bruising. T. at 7. Photographs of her injuries were presented to the trial court. T. at 8-9.
 {¶ 13} Appellant testified the three "had a little conversation about like a threesome type thing just kind of playing around," but Ms. Bussey "got real mad" and punched and slapped appellant. T. at 28. Ms. Baker stepped in between and Ms. Bussey punched Ms. Baker "two or three times." Id. Appellant denied striking Ms. Baker. Id.
 {¶ 14} Ms. Bussey stated she became angry over the "threesome" discussion and started a verbal fight with Ms. Baker that escalated into a physical fight. T. at 35-36. Ms. Bussey stated appellant attempted to break up the fight, and she never saw appellant strike Ms. Baker. T. at 36. However, when Ms. Bussey was questioned by the police, she stated her boyfriend, appellant, had assaulted her. T. at 37. Ms. Bussey told the police appellant had thrown things and hit her in the head. T. at 38.
 {¶ 15} Given the testimony presented, there is sufficient evidence to support the trial court's conclusion that Ms. Baker's testimony was more believable than the testimony of appellant or Ms. Bussey. Further, the testimony established appellant attempted to strike Ms. Bussey, but hit Ms. Baker instead. Appellant's "knowingly" assault, however misdirected, is still an assault regardless of the victim.
 {¶ 16} Upon review, we do not find a manifest miscarriage of justice.
 {¶ 17} The sole assignment of error is denied.
 {¶ 18} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.